IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-MJ-2046-JG-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DANIELLE M. HATCHER, | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court for entry of an order, pursuant to Fed. R. Crim. P. 42(b) and 28 U.S.C. § 636(e)(2), summarily holding defendant Danielle M. Hatcher ("Hatcher") in criminal contempt. The contempt occurred in connection with Hatcher's initial appearance in this case at the court's misdemeanor session in Fayetteville, North Carolina yesterday, 7 January 2014, at which the undersigned presided.

The session began around 10:54 a.m. Shortly after giving an advice of rights to all the defendants, the undersigned appointed the Federal Public Defender's office to represent Hatcher and several other defendants. The court instructed Hatcher and the other defendants for whom counsel had been appointed to remain in the courtroom until excused by the court so that their newly appointed counsel could speak with them and determine whether their cases could be resolved at that session. The court subsequently excused the defendants whose cases were being continued, except for three who required conditions of release, including Hatcher.

Around 11:54 a.m., the court called for these three to come forward for the purpose of reviewing and signing the order setting conditions of pretrial release. Hatcher did not come forward because she was not in the courtroom. She returned after the court had started reviewing the release order with the other two defendants. After concluding with them, the court asked Hatcher why she had left the courtroom without being excused. She stated that she had put

money in the meter for her parking space. The court admonished Hatcher for her disobedience. The court also told her that, in light of her noncompliance, the matter of her release order was being moved to the end of the calendar for the session and that she was to remain in the courtroom until excused by the court. The court further advised her that she now had an attorney who could assist her in seeking permission to leave the courtroom if she sought to do so.

Around 1:12 p.m., Hatcher left the courtroom without seeking or obtaining permission from the court, either herself or through counsel. The undersigned certifies that he saw her leave. She returned several minutes later.

At about 2:01 p.m., the court, having concluded the other matters before it, returned to this case. It advised Hatcher that there were now two matters to address. One was the release order. The other was the court's intention, subject to hearing from her and her counsel, to summarily punish her for contempt for leaving the courtroom a second time without permission. The court heard from both her and her counsel on the contempt issue. The government took no position on the matter. The court then reviewed with Hatcher the release order, obtained her signature on it, and executed it. After taking a brief recess to consider the contempt issue, the court formally found her in contempt and ordered that she be held in lock-up for an hour immediately following the court session.

This, the 8th day of January 2014.

_____
James E. Gates
United States Magistrate Judge